## Friese *versus* Homeopathic Mutual Life Insurance Company of New York.

1. A judgment duly entered by default for want of a plea, in an action of covenant, is a final judgment. An order of the court that such judgment be opened upon certain conditions, which were not complied with, does not affect the conclusiveness of the judgment, and is no bar to the issuing of execution thereon.

2. Such a judgment by default was entered, and the court, upon defendant's petition, made an order that the judgment be opened and the defendant be let into a defence upon the merits, on condition, inter alia, that defendant plead issuably within twenty days, &c. The defendant did not comply with the conditions, but within the twenty days filed a petition and bond for removal of the cause to the United States Circuit Court, which the court accepted and ordered to be filed, and declined to proceed further with the cause. Plaintiff then filed a præcipe for a fi. fa. which the prothonotary refused to obey, by reason of the proceeding for removal. Plaintiff then obtained a rule to show cause why the prothonotary should not be ordered to issue the fi. fa., which rule the court, after argument, discharged.

*Held*, to be error. The provisional order that the judgment be opened upon conditions, which conditions were not complied with, had no effect upon the conclusiveness of the judgment, and as the petition and bond for removal of the cause could not have the effect, under the Act of Congress, to remove the judgment, the court erred in refusing to direct the prothonotary to issue execution on the judgment.

June 5th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Dauphin county :* Of May Term, 1884, No. 48.

This was an action of covenant, upon a policy of life insurance for $5000, by Margaret A. Friese against the Homeopathic Mutual Life Insurance Company of New York.

The record showed the following: 1881, August 15th, Writ issued; Sept. 13th, Service accepted; 1882, May 16th, Declaration and rule to plead filed; Sept. 5th, Judgment for plaintiff for want of a plea, for $10,000 (the amount of damage laid in narr.). 1883, July 18th, On petition by defendant, rule to show cause why judgment should not be opened and the defendant be let into a defence. July 30th, Answer filed. Oct. 2d, Supplemental petition and affidavit filed, by leave of court. After argument the court entered the following order: " 1883, Oct. 8th. It is ordered that the rule be made absolute, and the judgment be opened and defendant be let into a defence upon the merits, on condition that no dilatory or technical plea or defence be interposed, and that defendant plead issuably within twenty days from this date and give notice

[Friese v. Homeopathic Mutual Life Ins. Co.]

of special matter within the same time, if defendant intend to give any such matter in evidence on the trial."

1883, October 22d. Bond and petition of defendant for the removal of this cause to the Circuit Court of the United States, presented to the court. Same day. Exceptions to the petition, and bond by plaintiff, filed.

And now to wit, October 22d, 1883, the defendant in the above stated case having presented its petition and bond for the removal of this case to the Circuit Court of the United States, the court accepts the same and orders them to be filed, and thereupon declines to proceed further in this cause. Exception.

1884, March 31st. Præcipe for fieri facias, filed.

1884, April 10th. Petition and affidavit filed for rule to show cause why the prothonotary should not be directed to issue execution in accordance with præcipe filed.

1884, April 16th. Answer of prothonotary to rule, filed, averring that he declined to issue a fi. fa. because a petition and bond had been filed by defendant for removal of the cause to the U. S. Court. Depositions were taken and the court (SIMONTON, P. J.) after argument, entered the following order:—

1884, May 5. Because of the removal of the above stated case, as within set forth, the rule to show cause is discharged. Exception.

The plaintiff thereupon took this writ of error, assigning for error the above orders of the court:   (1) That the judgment be opened upon terms.   (2) In ordering that the defendant's petition and bond for removal of the cause be accepted and filed.   (3) In discharging the rule to show cause why execution should not issue in the judgment.

*W. Henry Smith* and *Thos. S. Hargest*, for the plaintiff in error.—The condition "to plead issuably within twenty days" in the order to open the judgment, was a condition precedent, and not having been complied with, the judgment was not opened, and the judgment could not be removed, under the Act of Congress, which provides only for the removal of civil suits "in which there shall be a controversy between citizens of different states." A judgment is not a controversy. The court below is bound to decide the question whether the petitioner is entitled to remove, under the Act of Congress, and if the petition does not show that the case is removable, the jurisdiction of the State Court is not ousted: Railway Co. *v.* Ramsey, 22 Wall. 328; Gordon *v.* Longest, 16 Pet. 97; Insurance Company *v.* Dunn, 19 Wall. 214; Kanouse *v.* Martin, 14 Howard, 23; S. C., 15 How. 198; Stevens *v.*

Phœnix Ins. Co., 41 N. Y. 149; Holden *v.* Putnam Fire Ins. Co. 46 N. Y. 1; Savings Bank *v.* Benton, 2 Metc. (Ky.) 240; Rhode Island Horse Shoe Co. *v.* Goodenough Horse Shoe Co., 1 Abbott's New Cases, 11; Bright *v.* Milwaukee and St. Paul R. R. Co., *Ibid.* 14; Burch *v.* Davenport and St. Paul R. R. Co., 46 Iowa 449; Mix *v.* Andes Ins. Co., 74 N. Y., 53.

The order of the court below, removing this case to the Federal Court, was a final one and is reviewable here: Akerly *v.* Vilas, 24 Wisc. 165; Wills *v.* Home Ins. Co., 28 Iowa 545; Home Ins. Co. *v.* Dunn, &c., 20 Ohio St. 175; Burson *v.* National Park Bank, of New York, 40 Ind. 173; Crane *v.* Reeder, 28 Mich. 527; Chandler *v.* Coe, 56 N. H. 184; Ellis Admx. *v.* Atlantic and Pacific R. R. Co., 134 Mass. 338. Vannevar *v.* Bryant, 21 Wall. 41.

*Weiss* (with him *Gilbert,* and *Arnoux, Ritch & Woodford*) for the defendant in error.—Before the expiration of the twenty days from the day of the order of the court opening the judgment, the suit was removed to the Circuit Court, and there was thereafter no cause, suit or action pending in the Court of Common Pleas of Dauphin to which a plea could be entered. If a plea had been filed the court would have been bound to strike it off, under the mandate of the Act of Congress, enjoining the State Court "to accept said petition and bond, and *proceed no further in such suit.*" The State Court can only inquire into the sufficiency of the bond; if that is approved, the party can remove the cause without permission of the State Court, or even against its prohibition, and the Federal Court alone can determine the question of its own jurisdiction, and retain or remand the cause. In point of fact, the plaintiff below moved the U. S. Circuit Court to remand the cause, which motion is now pending and undetermined in that court, and until it is disposed of the cause remains in that court, and the State Court is powerless to act: McMurdy *v.* Conn. Ins. Co., 4 W. N. C. 18; Taylor *v.* Rockefeller, 6 Rep. 226; Removal Cases, 100 U. S. 473; Warehouse Co. *v.* Loomis, 122 Mass. 431.

Mr Justice STERRETT delivered the opinion of the court, October 6, 1884.

On September 5th, 1882, judgment, in default of a plea, was regularly entered against defendant for the full amount of plaintiff's claim. That judgment was final and conclusive against the defendant unless the court, in the exercise of a sound discretion, saw fit to grant relief on such terms and conditions as might be deemed just and proper. No application for relief was made until July 18th, 1883, more than ten

months after the rendition of the judgment. The delay was wholly inexcusable, and the court, with great propriety, might have refused to entertain the application; but the company's petition was presented, and, notwithstanding its gross laches, a rule, to show cause why the judgment should not be opened and defendant let into a defense, was granted. On October 8th, 1883, the relief prayed for was provisionally granted, " on condition that no dilatory or technical plea or defense be interposed, and that defendant plead issuably within twenty days from this date, and give notice of special matter within the same time."

The terms thus imposed were clearly conditions precedent to the actual opening of the judgment and letting defendant into a defense; and, on failure of the company to comply therewith in good faith, within the time specified, the provisional order became inoperative. The judgment meanwhile remained in full force. In point of fact it was never opened, because the company defendant never even offered to comply with a single condition on which the court proposed to let it " into a defense upon the merits." From the date of its entry in 1882 to the present time, it has stood upon the records of the court below a valid and final judgment against defendant. Instead of complying with the too liberal terms imposed by the provisional order of the court, the company undertook what the Act of Congress never contemplated, viz.: the removal of a judgment from the state court into the Circuit Court of the United States. For the reasons suggested, we are of opinion that the learned judge erred in refusing to permit plaintiff to issue execution on her judgment.

> The order of court discharging the rule to show cause why execution should not issue is reversed, and it is now ordered that the rule be made absolute.